# PICILLO
# CARUSO
# O'TOOLE

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

**371 Franklin Avenue**
**P.O. Box 510**
**Nutley, NJ 07110**
**973.667.6000**
**Fax 973.667.1200**

325 Chestnut Street
Suite 1212
Philadelphia, PA 19106
215.829.4210
Fax 215.829.4219

One California Street
Suite 2230
San Francisco, CA 94111
415.956.8400
Fax 415.956.2150

303 South Broadway
Suite 222
Tarrytown, NY 10591
914.332.4700
Fax 914.332.4347

Ronald S. Suss
rsuss@picillocaruso.com

July 24, 2006

**Via Electronic Filing**
Clerk
United States District Court
District of New Jersey
M.L. King Jr. Federal Building & U.S. Courthouse
50 Walnut Street, Room 4026
Newark, New Jersey 07102

> Re:   **Andrew G. Ramon v. Budget Rent A Car System, Inc.**
>       **Civil Action No. 06-1905 (WJM)**

Dear Sir or Madam:

Enclosed please find Plaintiff's Opposition to Defendant's Motion to Dismiss Class Action Complaint for filing.

By copy of this letter, the Honorable William J. Martini and all counsel of record are receiving notice of this motion.

Thank you for your cooperation in this regard.

Very truly yours,

By: _____
RONALD S. SUSS (RS 9061)

RSS/lh

cc:   Honorable William J. Martini
      Philip A. Tortoreti, Esq.
      David A. Picon, Esq.
      Anthony T. Wladyka, III, Esq.
      Austin Tighe, Esq.

Philip A. Tortoreti
TORTORETI, TOMES & CALLAHAN, P.C.
150 Tices Lane
East Brunswick, NJ 08816
(732) 257-9100
and
Ronald S. Suss
PICILLO CARUSO O'TOOLE
371 Franklin Ave.
P.O. Box 510
Nutley, NJ 07110
(973) 667-6000
and
Austin Tighe (*pro hac vice motion pending*)
FEAZELL & TIGHE, L.L.P.
6300 Bridgepoint Parkway
Bridgepoint 2, Suite 220
Austin, Texas  78730
(512) 372-8100

Attorneys for Plaintiff,
Andrew G. Ramon, individually and on behalf of
All other similarly situated persons.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------ x

ANDREW G. RAMON,  individually and on    :
behalf of all other similarly situated persons,    :

                                         :

             Plaintiff,    :      Civil Action No. 06-1905 (WJM)

   -against-    :

                                         :      Return Date: July 24, 2006

BUDGET RENT A CAR SYSTEM, INC.,    :

                                         :

             Defendant.    :

------------------------------------------------------------ x

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION
# TO DISMISS CLASS ACTION COMPLAINT

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................. 2

STATEMENT OF FACTS ...................................................................................... 3

ARGUMENT ....................................................................................................... 5

    I.    Standard of Review ................................................................................. 5

    II.   Plaintiff's Claims are Governed by New Jersey Law ........................................ 6

    III.  Plaintiff Sued the Correct Party ........................................................... 13

    IV.  Plaintiff Has Adequately Stated Claims for Breach of Contract and Consumer Fraud ................................................................................ 16

    V.   Plaintiff Has Adequately Stated an Alternative Claim for Unjust Enrichment ..... 18

CONCLUSION .................................................................................................. 20

## TABLE OF AUTHORITIES

**CASES**          **PAGE**

3Com Corp. v. Elec. Recovery Specialists, Inc.,
  104 F.Supp.2d 932, 940 (N.D. Ill. 2000)...............................................................................19

BMG v. Direct Mktg. v. Peake,
  178 S.W.3d 763, 775-10 (Tex. 2005).....................................................................................17

Boyes v. Greenwich Boat Works, Inc.,
  27 F. Supp. 2d 543, 547 (D.N.J. 1998).............................................................................10, 12

City of Camden v. South Jersey Port Commission,
  4 N.J. 357 (1950).....................................................................................................................14

Continental Trailways, Inc. v. Division of Motor Vehicles,
  509 A.2d 769, 781 (N.J. 1986)...............................................................................................17

Cox v. Sears Roebuck & Co.,
  138 N.J. 2, 15 (1994)..............................................................................................................12

Gennari v. Weichert Co. Realtors,
  148 N.J. 582 (1997)................................................................................................................12

Glenside West Corp. v. Exxon Co., U.S.A.,
  761 F.Supp. 1100, 1107 (D.N.J. 1991).....................................................................................6

Gutman v. Howard Sav. Bank,
  748 F.Supp. 254, 260 (D.N.J. 1990).........................................................................................6

Heindel v. Pfizer, Inc.,
  381 F.Supp. 2d. 364, 370 (D.N.J. 2004)...................................................................................9

Hishon v. King & Spalding,
  467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed. 2d 59 (1984) .........................................................6

Hoffman v. Garden State Farms, Inc.,
  76 N.J. Super. 189, 184 (Ch. Div. 1962)................................................................................14

Int'l Union of Operating Eng'rs Local #68 Welfare Fund v. Merck & Co.,
  894 A.2d 1136, 1146 (N.J. Super.A.D. 2006)................................................................passim

Jordan v. Fox, Rothschild, O'Brien & Frankel,
  20 F.3d 1250, 1261 (3rd Cir. 1994)..........................................................................................6

Klaxon Co. v. Stentor Elec. Mfg. Co.,
    313 U.S. 487, 496 (1941) ................................................................. 8, 9

Kugler v. Haitian Tours, Inc.,
    120 N.J. Super. 260, 269 (Ch. Div. 1972) ........................................... 12

Leon v. Rite Aid Corp.,
    340 N.J. Super. 462, 774 A.2d 674 (App. Div. 2001) .......................... 17

Lipsky v. ComUnited Corp.,
    551 F.2d 887, 897 (2d Cir. 1976) ....................................................... 7

Markowitz v. Northeast Land Co.,
    906 F.2d 100, 103 (3rd Cir. 1990) ...................................................... 6

Martin Marietta Corp. v. International Tel. Satellite Org.,
    991 F.2d 94, 97 (4th Cir. 1992) .......................................................... 7

Morse v. Lower Merion Sch. Dist.,
    132 F.3d at 906 ................................................................................ 11

Nat'l Utility Serv., Inc. v. Chesapeake Corp.,
    45 F. Supp. 2d 438, 447 (D.N.J. 1999) .............................................. 11

New Mea Constr. Corp. v. Harper,
    203 N.J. Super. 486, 501-02 (App. Div. 1985) ................................... 10

O'Farrill Avila v. Gonzalez,
    974 S.W.2d 237 (Tex. App. – San Antonio 1999, pet. denied) ........... 14

OnBank & Trust Co. v. F.D.I.C.,
    967 F.Supp 81, 90 (W.D.N.Y. 1997) .................................................. 7

Scheuer v. Rhodes,
    416 U.S. 232, 236, 94 S.Ct. 1683 (1974) ....................................... 5, 6

Sentinel Trust Co. v. Universal Bonding Ins. Co.,
    316 F.3d 213, 216 (3rd Cir. 2003) ...................................................... 6

Spoljaric v. Percival Tours, Inc.,
    708 S.W.2d 432, 434 (Tex. 1986) ...................................................... 18

Talalai v. Cooper Tire & Rubber Co.,
    360 N.J.Super. 547, 561, 823 A.2d 888 (Law Div. 2001) ................... 17

TCI Cablevision of Dallas, Inc. v. Owens,

8 S.W.3d 837, 844 (Tex. App. – Beaumont 2000). pet. dism'd. by agr.) ........................... 16

Thunder Wave, Inc. v. Carnival Corp.,
    954 F. Supp. 1562, 1565-66 (S.D. Fla. 1997) ...................................................... 19

United States v. Jefferson Elec. Mfg. Co.,
    291 U.S. 386 (1934) ................................................................................................ 18

U.S. Material Supply, Inc. v. Korea Exchange Bank,
    417 F.Supp. 2d 652 (D.N.J. 2006) .................................................................... 5, 6

## STATUTES & RULES

5A Wright & Miller, Federal Practice & Procedure
    § 1357 at 299 (2d ed. 1990) ................................................................................ 6

Fed.R.Civ.P. 8(e)(1)(2) ............................................................................................ 19

Plaintiff. Andrew G. Ramon, individually and on behalf of all other similarly situated persons, by counsel, hereby file their Memorandum in Opposition to Defendant's Motion to Dismiss Class Action Complaint filed by Defendant, Budget Rent A Car System, Inc. ("Budget"). For the reasons stated herein, Defendant Budget's motion should be denied.

## PRELIMINARY STATEMENT

Budget's motion falls far short of meeting the high standard set for 12(b)(6) dismissal. It is founded solely on conclusory interpretation of its own documents, and the unverified argument of its own lawyers. The case law cited in support stands only for general propositions of law: none of it supports Budget's arguments. In fact, in a number of instances a cited case actually supports Plaintiff's claim. Budget's motion rises and falls on the proposition that it is not a party to a contract with the Plaintiff. To succeed, it must conclusively demonstrate that there are no set of facts under which a contract can be found to exist. or under which it can be legally responsible for the sham "Refueling Service Charge.". Plaintiff has presented a number of facts which. if proven through discovery and trial, would entitle him to relief under contract. as well as under the other claims for relief he has pled. Those facts cannot be summarily rejected based solely upon the argument of Budget's lawyers. As such, Budget's 12(b)(6) motion fails. and should be denied.

2

## STATEMENT OF FACTS

This is a class-action suit for damages based on the unlawful policy and practice of Budget charging Plaintiff and the Plaintiff Class a "Refueling Service Charge". The Refueling Service Charge is uniformly applied when a consumer returns a rental vehicle with less fuel in the tank as when it was rented.   Budget charged Plaintiff a Refueling Service Charge of $5.99 per gallon.  The Refueling Service charge is an illegal penalty under common law, and under UCC§ 2A-504, (N.J.S.A. 12A:2A-504), because it is unreasonably large in light of the then anticipatable "harm" caused to Budget by such returns.

Budget required consumers to either purchase a full tank at the time of rental (the pre-paid fuel purchase option) or to fill the tank before returning the vehicle.  Those are the only two options customers are presented with at the time they enter into the rental agreement.  If a customer chooses the pre-paid fuel purchase option, he is charged for a full tank of gas before he leaves the counter. The customer can then return the vehicle with any level of gasoline he chooses, e.g., 1/4 tank, 1/2 tank, etc.  Upon information and belief, the price per gallon charged by Budget when a customer chooses the pre-paid fuel purchase option is the price at or near market price in that geographic area.  Notably, the pre-paid fuel purchase option price also includes whatever cost Budget incurs in re-fueling the vehicle when it is returned with less than a full tank.  For instance, the cost of driving the vehicle to a re-fueling location, like a gas station, the price per gallon for the pre-paid fuel purchase option was $2.14.

If a consumer does not pre-pay, and then does not fill the tank prior to returning the vehicle, Budget imposes the Refueling Service Charge.  In this case, the price per

3

gallon of the refueling service charge was $5.99. and thus, the Plaintiff was charged a total of $11.42. This lawsuit is being prosecuted because the "cost" of this "service" is a sham. No "service" is performed which would legally justify charging more than double, or in some cases almost triple. market price. Stated differently. the procedure and attendant cost of refueling is known to Budget, as reflected by the cost of the pre-paid fuel option. If the consumer returns the vehicle near empty or even half-full, the actual cost to Budget of filling it back up is the same whether the customer exercised the prepaid fuel option, or instead is charged the Refueling Service Charge.

Although not designated as such. this Refueling Service Charge operates as an improper liquidated damages provision.   Damages may be liquidated. but only at an amount that is reasonable in light of the anticipated or actual loss.   Here. because the actual loss or harm to Budget can easily be anticipated (as evidenced by the difference between the pre-paid fuel option charge and the relevant market price-per-gallon), and because the Refueling Service Charge is unreasonably large in proportion to any actual loss or "harm" incurred by Budget in refueling the vehicle. the Refueling Service Charge is an unlawful penalty provision.  As such. the only logical. albeit illegal. explanation for the levying of a Refueling Service Charge is that said fee provides a pure profit stream for Budget.  Profit is not "harm."  The Refueling Service Charge violates common and statutory law, and Plaintiff is entitled to a return of all or part of the Refueling Service Charge.

Budget's Statement of Facts. the foundation of its Motion to Dismiss. fails to accurately state, or in some instances even identify, those facts upon which its arguments are premised.  First and foremost. Plaintiff does not admit that the operation renting the

vehicle is an independent licensee of Budget, nor is that term given any legal effect or definition anywhere in Budget's papers. Nowhere does Budget identify this supposed independent licensee by name: it merely points to some print on top of one of the exhibits that says the renting entity is a licensee. In fact, nothing in any of the four exhibits Budget attached to its Motion speaks for itself as to Budget's absolution, and Budget's lawyers fail to identify by chapter and verse those provisions that supposedly support its suppositions. For example, leaving aside the issue of the relevance of the argument, Budget does not explain how Exhibits "C" and "D" differ from Plaintiff's agreement in relevant part, let alone how any purported "differences" are relevant to this Court's resolution of a 12(b)(6) motion.

Tellingly, Budget makes no attempt to defend or legitimize the actual issue at hand: the Refueling Service Charge. The reason for that will become clear as the litigation proceeds. Instead, Budget tries only to distance itself from the Charge. But unilaterally disclaiming responsibility for a fee which Budget itself dictates, and then attempting to prop-up its argument with documents which are untethered and at best ambiguous, is not enough to meet the standard for 12(b)(6) dismissal.

## ARGUMENT

### I.   STANDARD OF REVIEW

Budget's Rule 12(b)(6) motion to dismiss for failure to state a claim must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). The district court "must accept any and all reasonable inferences derived from those facts stated in the complaint." U.S. Material Supply, Inc.

v. Korea Exchange Bank, 417 F.Supp. 2d 652 (D.N.J. 2006); Glenside West Corp. v.
Exxon Co., U.S.A., 761 F.Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav.
Bank, 748 F.Supp. 254, 260 (D.N.J. 1990).  The court must also view all allegations in
the complaint in "the light most favorable to the plaintiff."  See Scheuer, 416 U.S. at 236;
Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3rd Cir. 1994).  The
question "is not whether [plaintiffs] will ultimately prevail; rather, it is whether it can
prove any set of facts in support of its claims that would entitle it to relief."  U.S.
Material Supply, Inc. v. Korea Exchange Bank, 417 F.Supp. 2d at 652; Hishon v. King &
Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed. 2d 59 (1984).

Therefore, in deciding a motion to dismiss, a court should look to the face of the
complaint and decide whether, taking all of the allegations of fact as true and construing
them in a light most favorable to the nonmovant, Plaintiff's allegations state a legal claim.
Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3rd Cir. 1990).  The motion should
be granted only "if it appears to a certainty that no relief could be granted under any set
of facts which could be proved."  Morse v. Lower Merion Sch. Dist. 132 F.3d at 906.
When deciding the motion, the Court may consider not only the allegations of the
complaint, but also documents attached to or specifically referenced in the complaint, and
matters of public record.  See Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d
213, 216 (3rd Cir. 2003); see also 5A Wright & Miller, Federal Practice & Procedure
§ 1357 at 299 (2d ed. 1990).

## II.   PLAINTIFF'S CLAIMS ARE GOVERNED BY NEW JERSEY LAW

Plaintiff entered into a contract with Budget by renting a car online.  Renters who
use the Budget website agree to certain Terms of Use set forth on that website.  The

Terms of Use expressly stated that any action brought "in connection with any matters related to this Website" shall be brought only in a New Jersey court. Budget's Motion to Dismiss, "Exhibit B". Budget's lawyers argue in conclusory fashion that the Terms of Use Plaintiff agreed to are not relevant to the claims he makes in the lawsuit, because his lawsuit is not brought "in connection with any matters related to" his use of the website. However, when viewed in the light most favorable to the Plaintiff, it is evident that the rental of Plaintiff's vehicle, and all resulting charges and assessments, are matters related to the use of the website. It is that rental, commenced through the website, which forms the basis of this lawsuit. Indeed, this rental would not have occurred but for the website.

Budget makes no attempt to define the scope or application of the operative phrase "in connection with any matters related to this Website". That quoted provision is fraught with subjective terms. As such, perhaps the best that can be said for Budget regarding the quoted provision is that the scope and application of the phrase, and therefore the provision, is ambiguous. If that is the case, then a motion to dismiss is improper. Martin Marietta Corp. v. International Tel. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992) ("the construction of ambiguous contract provisions is a factual determination that precludes dismissal on a motion for failure to state a claim.") Lipsky v. ComUnited Corp., 551 F.2d 887, 897 (2d Cir. 1976) (reversing district court's decision to grant motion to dismiss where contract term was ambiguous); OnBank & Trust Co. v. F.D.I.C., 967 F.Supp 81, 90 (W.D.N.Y. 1997) ("The Second Circuit has made it clear, however, that if the contract is found to be ambiguous, a motion for summary judgment -- much less a motion to dismiss -- on a breach of contract claim is improper.")

Perhaps realizing that it cannot conclusively exclude the application of its Terms of Use, Budget attempts to narrow its scope. Budget argues that while there is a New Jersey jurisdictional provision, there is no New Jersey choice of law provision in the Terms of Use. This Court need look no further then the express language of the Terms of Use to see that is not true. The very same provision that provides for New Jersey jurisdiction states as follows:

> These Terms shall be governed by, construed and enforced **in accordance with the law of the State of New Jersey**, as they are applied to agreements entered into and to be performed entirely with such State.

Exhibit B, Motion to Dismiss (emphasis added). Despite Budget's representations to the contrary, the Terms of Use require the application of New Jersey law. The only "agreements" that could be the subject of that clause are rental agreements.

Budget's motion is premised on the idea that the actual contract complained of is the "BUDGET CAR RENTAL AGREEEEMENT" that Plaintiff received at the time of rental. Budget wants this Court to conclusively determine, based on more undefined terms propped up by nothing more than argument of counsel, that the "BUDGET CAR RENTAL AGREEEEMENT" is (1) the operative contract, and (2) a contract between Plaintiff and an "independent licensee", and that (3) Budget is not the contracting party, nor otherwise bound by the Agreement.

Upon that premise, Budget asks the Court to engage in a traditional choice of law analysis which, when focused on a supposed "independent licensee" in Texas, predictably ends up weighing in favor of applying Texas law. Budget's Motion to Dismiss, p. 6-8. But even if this Court were to engage in a choice of law analysis, viewing all allegations in the Complaint in the light most favorable to the plaintiff, the

result would be the same: New Jersey law would apply. At the outset, this Court would apply New Jersey choice of law principals in undertaking such an analysis. <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496 (1941). New Jersey applies a flexible "governmental interest" standard, premised upon insuring that the state with the greatest interest in resolving the issue raised in the litigation has the issue resolved under its laws. <u>Heindel v. Pfizer, Inc.</u>, 381 F.Supp. 2d. 364, 370 (D.N.J. 2004).

The issue in this case is the Refueling Service Charge. While Budget and others in the rental car industry attempt to distance themselves from this charge when the entity renting the vehicle is a licensee, Budget cannot escape the following facts: Budget's corporate headquarters in New Jersey established the charge; dictates how the charge is calculated; through an internal intranet, communicates to its licensees how and when the charge is to be adjusted (for example, the "BUDGET CAR RENTAL AGREEMENT" attached as Exhibit "A" to Budget's Motion to Dismiss, states in ¶ 19 that the terms of the agreement, which would include the terms of the Refueling Service Charge (¶ 14), can only be changed in a writing "signed by a BUDGET corporate officer"); and Budget is headquartered in New Jersey, where its relationship with Plaintiff and other customers is centered, whether through its internet dealings or through its promulgation of the Refueling Service Charge at counters throughout the United States. As such, the factors set forth in <u>Int'l Union of Operating Eng'rs Local #68 Welfare Fund v. Merck & Co.</u>, 894 A.2d 1136, 1146 (N.J. Super.A.D. 2006) point to New Jersey law at this stage.

Furthermore, because the Refueling Service Charge is a product of New Jersey, promulgated and dictated here and then sent to Budget locations nationwide, New Jersey undoubtedly has a significant interest in ensuring that New Jersey companies do not

fraudulently market and sell products and services -- an interest that applies not only to the manufacturers but also to consumers everywhere. See Kugler, 58 N.J. at 538 (public policy of state to provide broad protection for Athe greatest possible good for the greatest possible number of consumers who have common problems and complaints@); see also Merck. 2006 WL 827285, at *10-12: Boyes v. Greenwich Boat Works, Inc., 27 F. Supp. 2d 543, 547 (D.N.J. 1998) (Athis state has a powerful incentive to insure that local merchants deal fairly with citizens of other states and countries@).   Indeed, A[t]he available legislative history demonstrates that the Consumer Fraud Act was intended to be one of the strongest consumer protection laws in the nation.@ New Mea Constr. Corp. v. Harper. 203 N.J. Super. 486, 501-02 (App. Div. 1985).

In Merck, the Appellate Division considered choice of law. Merck, 2006 WL 827285, at *10. Among the court=s conclusions in that case was that A[t]he place where the defendant made his false representations ... is as important a contact in the selection of the law governing actions for fraud and misrepresentation as is the place of the defendant's conduct in the case of injuries to persons or tangible things.@ Id. at *11 (internal citations omitted). Here, Budget made the false representation -- that the Refueling Service Charge was a charge for refueling -- in New Jersey.

To the extent other states have substantive contacts with this litigation, New Jersey=s contacts clearly create a corresponding and superior interest in deterring unscrupulous business practices arising in New Jersey. As they were in Merck. ANew Jersey=s contacts with this dispute are both extensive and weighty.@ Id. Specifically, Budget maintains its principal executive offices in this State. Moreover. the Abulk@ of

Budget=s operations (including, *inter alia*, marketing, sales, service administration, product engineering, and customer service), as well as the senior management charged with creating and setting the Fuel Service Charge, are all located in New Jersey.

Again, the online contract clearly results in the application of New Jersey law. What is more, the "BUDGET CAR RENTAL AGREEMENT" presented to the Plaintiff at the counter -- after he had completed that phase of the rental transaction, signed, and was given his keys and rental jacket -- was created in New Jersey; there was no negotiation; and Budget is headquartered in New Jersey. While the location of the subject matter points to Texas (at least if the subject is the vehicle and not the Charge), this is not enough to tip the scale in favor of the application of Texas law. Nat'l Utility Serv., Inc. v. Chesapeake Corp. 45 F. Supp. 2d 438, 447 (D.N.J. 1999) (setting forth factors to consider in contract choice of law analysis).

Based on these facts, and the fraudulent nature of the charge as alleged by those facts, ANew Jersey=s interests in the litigation ... far outweigh the interests of all other states. All consumer fraud laws in the nation are designed to protect consumers to some degree.@ Merck, 2006 WL 827285, at *12. This claim bears a significant relationship to the State of New Jersey while furthering the policies of competing state laws. In sum, the Refueling Service Charge is a product of Budget, not some licensee or some corporate-owned location in some other state. New Jersey has the greater interest in having the validity of that Charge determined under its laws. Id. (particular state's law applies when doing so will advance policies that law was intended to promote).

In light of Budget=s significant contacts with the State of New Jersey, particularly as those contacts relate to the conduct at issue in this litigation, the Refueling Service

11

Charge the policy of deterrence which is the gravamen of the Consumer Fraud Act is implicated here.  See Merck, 2006 WL 827285, at *14.  New Jersey=s consumer protection laws have long been recognized as among the most liberal and expansive consumer protection laws in the country.  Indeed, New Jersey courts have repeatedly reiterated that the Consumer Fraud Act is intended to be one of the strongest in the nation. Gennari v. Weichert Co. Realtors. 148 N.J. 582 (1997); Cox v. Sears Roebuck & Co.. 138 N.J. 2, 15 (1994).  No other state has an additional interest to be vindicated in this litigation -- other than to see that its domiciliaries are compensated for their losses. Moreover, this interest is fully advanced and protected through the application of New Jersey=s consumer protection statute.  Courts in this State have repeatedly recognized that the Consumer Fraud Act protects residents and non-residents alike. See, e.g., Kugler v. Haitian Tours, Inc.. 120 N.J. Super. 260, 269 (Ch. Div. 1972) (applying Consumer Fraud Act to Class more than two-thirds of which was residents from states other than New Jersey, and holding that the Consumer Fraud Act Ais not confined by its terms [or] spirit to activities involving residents of this State [but] prohibits unlawful practices in New Jersey without limitation as to the place of residence of the persons imposed upon@): Boyes. 27 F. Supp. 2d at 547 (AWhile there can be no doubt that the New Jersey legislature desired to protect its own residents, it is equally clear that this state has a powerful incentive to insure that local merchants deal fairly with citizens of other states and countries@); Merck. 2006 WL 827285, at *10.

Based on the significant and numerous contacts with the State of New Jersey. it would be neither arbitrary nor fundamentally unfair to apply New Jersey law to Budget=s conduct.  Moreover, application of the New Jersey law would not harm any consumers in

other states because New Jersey=s Consumer Fraud Act is one of the strongest consumer protection statues in the country.

Finally, even if this Court were to determine that Texas law applies to this case, the application of that law does not support dismissal. Plaintiff's Opposition focuses on New Jersey law, but it also points out the numerous instances where the results would be the same under Texas law. For example, Texas law supports a claim for affirmative relief where penalty has been alleged, Texas law recognizes that a promise to pay constitutes consideration, Texas law recognizes that consumer fraud claims are generally issues for a jury, and Texas law negates a voluntary payment defense where consumer fraud has been alleged. In the end, neither New Jersey law nor Texas law conclusively establishes that Plaintiff cannot possibly prove any set of facts entitling him to recovery. In fact, the law more often conclusively *supports* his claims.

## III.    PLAINTIFF SUED THE CORRECT PARTY

Plaintiff entered into a contract with Budget by renting a car online. In the alternative, the Rental Agreement Budget relies upon and attaches as Exhibit "A" is between Budget and Plaintiff, by its very terms. Finally, even if the Court were to accept Budget's argument that the Rental Agreement is between Plaintiff and an "independent licensee", that would not absolve Budget of liability as a matter of law; Plaintiff has alleged that Budget directly imposed the Refueling Service Charge through its licensee, and that Budget is further liable for the acts and agreements of its licensee based on the theories of liability set forth in Plaintiff's Complaint. ¶ 13: agency, apparent agency, agency by estoppel, joint venture, partnership and conspiracy.

13

Budget's challenge to Plaintiff's claim that he contracted with Budget online is since Plaintiff paid no money online, that transaction lacked consideration. However, Plaintiff did select a rental period and vehicle and agreed to pay "my guaranteed rate" of $25.99. Taxes and fees were added for a final rental cost of $32.90, and Plaintiff was sent a confirmation of the transaction. Budget's Motion to Dismiss, Exhibit "B". It is well-established that a promise to pay, even a conditional promise to pay, constitutes sufficient consideration to support a contract. Hoffman v. Garden State Farms, Inc., 76 N.J. Super. 189. 184 (Ch. Div. 1962); City of Camden v. South Jersey Port Commission, 4 N.J. 357 (1950); O'Farrill Avila v. Gonzalez. 974 S.W.2d 237 (Tex. App. – San Antonio 1999. pet. denied) (promise followed by performance results in an enforceable contract). Budget has not conclusively proven that no contract was formed when Plaintiff completed his transaction online, agreed to a guaranteed rate, and was sent a confirmation of same. Construing these facts in the light most favorable to Plaintiff gives rise to a claim for a contract, and its subsequent breach.

In the alternative, the Rental Agreement Budget relies upon and attaches as Exhibit "A" is between Budget and Plaintiff, not Plaintiff and "independent licensee". Budget claims ❡ 19 of the Rental Agreement "expressly provides" that the Agreement is between "plaintiff and the independent licensee". Budget's Motion to Dismiss, p. 9. That is not true. The mere fact that Budget writes on it contracts that a particular location is an "independent licensee" is far from an express provision. Putting those words at the top or bottom of the Rental Agreement in fine print is not enough to give them dispositive effect in the context of a 12(b)(6) motion, especially when the "effect" of the term is supported by nothing more than conclusory arguments by Budget's lawyers.    As

14

demonstrated below, Plaintiff has pled sufficiently to maintain that any "Rental Agreement" is between Budget and Plaintiff.

The Agreement itself refers to "BUDGET" throughout, and does not define "BUDGET" to mean "independent licensee". In fact, the independent licensee is referred to as a "BUDGET *OPERATION*". The Agreement does not make any reference to "BUDGET OPERATION" anywhere except the very bottom of the page, and it certainly does nothing to define that term. Otherwise, it refers only to "BUDGET" in each term and condition. Moreover, the Agreement states that it can only be changed in a writing signed by a "BUDGET Corporate Officer". Exhibit "A", Rental Agreement, ¶ 19. Construing these facts and terms in the light most favorable to Plaintiff, it is adequately alleged that the Rental Agreement is between Plaintiff and Budget.

Finally, even if the Court were to conclusively accept Budget's argument that the Rental Agreement is between Plaintiff and an "independent licensee", it would not absolve Budget of liability as a matter of law because Plaintiff has alleged that Budget directly imposed the Refueling Service Charge through its licensee. An independent licensee can bind the principle under the theories of liability set forth in ¶ 13 of the Complaint as cited above, including agency, apparent agency, agency by estoppel, joint venture, partnership and conspiracy. It does not matter, as Budget asserts at page 10 of its Motion to Dismiss, that it uses different standardized contracts at the counters of its company-owned locations; Budget has not demonstrated as a conclusive matter of law that it is not bound by the agreements it provides to its licensees. Taking all of the allegations of fact as true and construing them in a light most favorable for Plaintiff, his allegations state a legal claim.

## IV.   PLAINTIFF HAS ADEQUATELY STATED CLAIMS FOR BREACH OF CONTRACT AND CONSUMER FRAUD

Budget argues that Plaintiff cannot maintain a common law penalty claim or a statutory §12A:2A-506 claims because those are defenses, and not affirmative causes of action. That argument is completely devoid of proper legal support.

First, Budget cannot cite a single New Jersey case holding that a common law penalty claim cannot provide a foundation for affirmative relief. Instead, it cites two unpublished Texas opinions. It fails to mention that there is a *published* opinion from a case involving that very claim. In TCI Cablevision of Dallas, Inc. v. Owens, 8 S.W.3d 837, 844 (Tex. App. – Beaumont 2000), pet. dism'd. by agr.) (plaintiff claimed "unlawful liquidated damages" due to penal nature of cable fee resulted in common law breach of contract, entitling her to rescission). As such, no New Jersey or Texas authority has been cited to warrant conclusively dismissing the common law penalty claim on the grounds that it does not provide for affirmative relief.[1]

Nor can Budget cite a single case in support of its argument that 12A:2A-504 does not provide for affirmative relief. In fact, the very language of that section exposes the fallacy of Budget's argument. §2A-504 expressly provides that if the fee assessed for breach "or any other act or omission" is unreasonable, the lessee can seek any and all remedies (i.e. restitution, damages, etc.) provided for under chapter 2A of the New Jersey UCC. N.J.S.A. 12A:2A-504(2).

---

[1] Budget does not reference, let alone challenge, Plaintiff's common law breach of contract claim stated in paragraph 14 of the Complaint.

16

Given this absence of authority and express statutory language, Budget attempts a different tact. Conceding that this Court might apply New Jersey law, Budget argues that the voluntary payment doctrine, as applied by New Jersey courts, bars Plaintiff's claims. To the contrary, that doctrine does not even apply where an allegation of fraud has been made. The very case Budget cites in its motion says as much. Continental Trailways, Inc. v. Division of Motor Vehicles, 509 A.2d 769, 781 (N.J. 1986) (applies unless party asserts "mistake of fact, fraud, duress..."). Here, Plaintiff has alleged statutory fraud under New Jersey Consumer Fraud Act. As such, the voluntary payment doctrine defense does not apply, and certainly not in the context of a dispositive motion.[2]

Plaintiff's claim as set forth in his Complaint involves much more than the mere assertion that the Charge at issue was "too high", as Budget flippantly asserts. Budget's Motion to Dismiss, p. 13. "The New Jersey Consumer Fraud Act (the 'Act') was enacted to protect consumers from improper selling practices by 'prevent[ing] deception, fraud, falsity, whether by acts of commission or omission, in connection with the sale and advertisement of merchandise and real estate.' The Act is remedial and is to be liberally construed in favor of protecting consumers." Talalai v. Cooper Tire & Rubber Co., 360 N.J.Super. 547, 561, 823 A.2d 888 (Law Div. 2001). If a corporation charges consumers a fee under the guise that it is for fuel, and then pockets most of the fee as profit, that is bad old-fashioned fraud. And that is what Plaintiff has alleged.

In the context of a 12(b)(6) motion, Plaintiff's consumer fraud claim should be permitted to proceed. It requires no privity, and looks to the representation/advertisement of the Refueling Service Charge as being fraudulent, because it is not used for refueling.

---

[2] The result would be the same were this Court to apply Texas law. BMG Direct Mktg. v. Peake, 178 S.W.3d 763, 775-76 (Tex. 2005) ("the traditional fraud, duress, deception and coercion exceptions to the voluntary-payment rules still apply"). The same is true as to the other jurisdictions Budget cites.

Whether that representation is deceptive should not be determined as a matter of law on a motion. Leon v. Rite Aid Corp., 340 N.J. Super. 462, 774 A.2d 674 (App. Div. 2001). The same is true if this Court were to apply Texas law, where the attendant reliance element is demonstrated by the act of payment. Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 434 (Tex. 1986) (intent to defraud "uniquely within the realm of the jury", and even "slight circumstantial evidence" is enough to support fraud).

## V.   PLAINTIFF HAS ADEQUATELY STATED AN ALTERNATIVE CLAIM FOR UNJUST ENRICHMENT

The United Stated Supreme Court has declared that "a cause of action for money had and received is less restricted…and fettered by technical rules and formalities than any other form of action". It aims at the abstract justice of the case. and looks solely to the inquiry, whether the defendant holds money, which belongs to the plaintiff. United States v. Jefferson Elec. Mfg. Co., 291 U.S. 386 (1934). Here, Plaintiff has adequately pled facts from which, when viewed in a light most favorable to him, one could infer Budget is holding Refueling Service Charge money which rightfully belongs to him.

Budget cites authority for the proposition that the existence of a binding contract between the parties prohibits recovery under unjust enrichment. But Budget has consistently argued that it is not a party to any operative contract here. The contract Budget relies upon instead to support dismissal of Plaintiff's unjust enrichment claim is the Rental Agreement that Budget claims is between Plaintiff and the "independent licensee" in San Antonio. Budget claims that the existence of *that* Agreement forecloses an unjust enrichment claim. Budget cites no authority, though, for the proposition that a party can rely upon a plaintiff's contract with a non-party to summarily dispose of an unjust enrichment claim.

The three cases Budget cites to defeat unjust enrichment, copies of which were delivered to the Court after the Motion was filed, are not supportive of dismissal. In all three of those cases, D'Acchioli, Cortsen. and Shvarts, the courts relied upon a specific enabling statute in New York and California that authorized additional fuel charges (although of course not fraudulent or illegal additional charges). New Jersey, and for that matter Texas, does not have such a statute. Also, it is not clear whether the plaintiffs in those cases ever challenged the common claim that the fuel charge was merely an "option" as opposed to a consequence of the failure to refuel. The relevance of Shvarts. a case where Budget won a dismissal of a claim against the very fuel charge challenged here, is betrayed by the short shrift it is given, reduced to a string cite at page 15 of Budget's Motion. Had the case had any real force or effect, it would presumably hold a more prominent place in Budget's argument.

Now, if at some point this Court was to order (or movant was to concede) that Budget was bound by an operative contract, be it the online contract or the "Rental Agreement" signed at the counter, then Plaintiff would have to concede that his claim for money had and received/unjust enrichment could not stand. But unless and until that occurs, under the standard set by 12(b)(6) he is permitted to maintain that claim as an alternative cause of action.

Ultimately, then, this Court should deny Budget's motion to dismiss the unjust enrichment claim for the simple and well-accepted reason that a plaintiff may plead alternate theories of liability. Fed.R.Civ.P. 8(e)(1)(2); 3Com Corp. v. Elec. Recovery Specialists, Inc., 104 F.Supp.2d 932, 940 (N.D. Ill. 2000) (plaintiff can allege a contract claim, and at the same time. a non-contractual claim for restitution): Thunder Wave, Inc.

v. Carnival Corp., 954 F. Supp. 1562, 1565-66 (S.D. Fla. 1997) (a party can alternatively allege recovery under contract and seek equitable relief).

## CONCLUSION

To summarize, Budget has not conclusively proven that it is not responsible under breach of contract, either through the online contract it entered into or through the Rental Agreement signed at the rental counter in San Antonio. Furthermore, Budget has not even tried to argue that the "Refueling Service" Charge -- which is a uniform charge assessed in a standardized contract generated by Budget -- is truthfully represented as a fee for fueling, instead of a profit stream. Therefore, Plaintiff's Consumer Fraud Act claim should be allowed to proceed, and should be determined by a jury. For these same reasons, Plaintiff has sufficiently stated a claim for injunctive and declaratory relief. As Budget has failed to meet the stringent requisites of 12(b)(6), its 12(b)(6) Motion to Dismiss should be denied.

Respectfully submitted,

s/Philip A Tortoreti
Philip A. Tortoreti (PT 4465)
TORTORETI, TOMES & CALLAHAN, P.C.
150 B Tices Lane
East Brunswick, NJ 08816
(732) 257-9100
and
Ronald S. Suss
PICILLO CARUSO O'TOOLE
371 Franklin Ave.
P.O. Box 510
Nutley, NJ 07110
(973) 667-6000
and
Austin Tighe (*pro hac vice motion pending*)
FEAZELL & TIGHE, L.L.P.
6300 Bridgepoint Parkway
Bridgepoint 2, Suite 220
Austin, Texas  78730
(512) 372-8100

Attorneys for Plaintiff,
Andrew G. Ramon, individually and on
behalf of All other similarly situated
persons.