**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANDREW G. RAMON, individually and on behalf of all others similarly situated,**      **Plaintiff,**  **v.**  **BUDGET RENT-A-CAR SYSTEM, INC.,**      **Defendant.** | Civil Action No. 06-1905 (WJM)  **OPINION**  **HON. WILLIAM J. MARTINI** |

Philip A. Tortoreti, Esq.
Tortoreti, Tomes & Callahan, P.C.
150 Tices Lane
East Brunswick, NJ 08816

Ronald S. Suss
Picillo Caruso O'Toole
371 Franklin Ave.
P.O. Box 510
Nutley, NJ 07110

Austin Tighe
Feazell & Tighe, LLP
6300 Bridgepoint Parkway
Bridgepoint 2, Suite 220
Austin, TX 78730
    (*Attorneys for Plaintiff*)

David A. Picon
Proskauer Rose LLP
One Newark Center
Newark, NJ 07102

Claire P. Gutekunst
Julie A. Tirella
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
    (*Attorneys for Defendant*)

**MARTINI, U.S.D.J.:**

    This matter comes before the Court on Defendant Budget Rent-A-Car System's motion to

dismiss Plaintiff's Class Action Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff opposes the motion.  The Court adjudicates this matter on the papers.  Fed. R. Civ. P.

78.  For the reasons expressed herein, Defendant's motion is **GRANTED** in its entirety, and Plaintiff's Complaint is **DISMISSED**.

### BACKGROUND

The Complaint alleges that on or about February 15, 2006, Plaintiff Andrew G. Ramon reserved a car online at Defendant's website, www.budget.com, to be picked up at a Budget-affiliated location at 4437 Fredericksburg Road in San Antonio, Texas.  (Compl. ¶ 7.)  According to the rental agreement Plaintiff signed,[1] Plaintiff picked up the vehicle on February 21, 2006 and returned it on February 23, 2006.  (Sellers Aff. Ex. A [*hereinafter* "Ex. A"].)

The rental agreement noted that gasoline was not included in the rate, and that the renter was required to furnish all gas including a refill of the tank upon return of the vehicle.  (Ex. A.)  At the time he entered into the agreement, Plaintiff had two options regarding fuel — he could either pre-purchase a full tank of gas (the "fuel purchase option"), or return the car with a full tank.  (Compl. ¶¶ 8-10.)  Plaintiff declined the fuel purchase option, and returned the car with less than a full tank.  Pursuant to the agreement, a refueling service charge of $11.42 was imposed when Plaintiff returned the car.  (Compl. ¶ 7, Ex. A.)  This charge reflected a price of $5.99 per gallon for the fuel, a rate which was clearly disclosed on the front of the agreement signed by Plaintiff.  (Ex. A.)

---

[1]  This agreement, submitted to the Court with Defendant's motion to dismiss as Exhibit A to the Affidavit of John Sellers, is both explicitly referenced in and integral to Plaintiff's Complaint, and as such may properly be considered by the Court on this motion without converting the motion to one for summary judgment under Fed. R. Civ. P. 56.  *See Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

According to the Complaint, if Plaintiff had elected the fuel purchase option, he would have been charged a rate of $2.14 per gallon for the pre-paid tank of fuel.  (Compl. ¶ 9.)  Under the lease agreement, a renter who elects this option and pays for a full tank in advance does not receive credit for any fuel remaining in the tank when the car is returned. (Ex. A.)

Alleging under several theories that the refueling service charge is fraudulent and illegal, Plaintiff brings this class action on behalf of himself and all persons who have rented vehicles from Budget and have been subjected to a refueling service charge.  The five-count complaint against Budget Rent-A-Car System, Inc. alleges (1) violations of the New Jersey Uniform Commercial Code, (2) common law breach of contract, (3) unjust enrichment, and (4) violations of the New Jersey Consumer Fraud Act, and also (5) requests equitable and declaratory relief.  Defendant's motion to dismiss the complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) is now before the Court.

## DISCUSSION

### I.     Standard for Dismissal Pursuant to Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist.  *See* Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In deciding such a motion, a court must take all allegations in complaint as true, and view them in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975).  A court need not, however, accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

3

While we are required to assume the truth of all factual allegations in the complaint, "we need not accept as true 'unsupported conclusions and unwarranted inferences.'" *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998) (quoting *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)). "'[C]ourts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable. We do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner.'" *Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (quoting *West Penn Power*, 147 F.3d at 263).

In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, "[a]lthough a District Court may not consider matters extraneous to the pleadings, 'a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.'" *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)) (internal quotations omitted).

Although Plaintiff's Complaint does not attach any exhibits, it both explicitly references and depends upon the documents attached as exhibits to the Affidavit of John Sellers, submitted with Defendant's motion to dismiss. Therefore, the Court has considered these documents in its

analysis.[2]  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  *In re Burlington Coat Factory*, 114 F.3d at 1426.  Furthermore, to the extent that Plaintiff's allegations are contradicted by such documents upon which Plaintiff's claims are based, the Court need not accept such allegations as true.  *See Genesis Bio-Pharmaceuticals, Inc. v. Chiron Corp.*, 27 Fed. Appx. 94, 99-100 (3d Cir. 2002); *Warburton v. Foxtons, Inc.*, 2005 U.S. Dist. LEXIS 39615, at *10 (D.N.J. June 13, 2005).

If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## II.   Choice of Law

Defendant argues that Texas law should apply to Plaintiff's claims, and Plaintiff counters that New Jersey law should apply.  (Def.'s Mem. Supp. Mot. to Dismiss 6-8, Pl.'s Mem. Opp. Mot. to Dismiss 6-13.)  A federal court sitting in diversity applies the choice of law principles of the forum state.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941).  "Under New Jersey law, when the same result — dismissal of a complaint — is required under the laws of all relevant jurisdictions, the court need not decide which law would apply to the action."  *Port Authority of N.Y. and N.J. v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999).  Because dismissal of Plaintiff's claims is required under both New Jersey and Texas law, this Court need not decide the choice of law issue.

---

[2]       In addition to the rental agreement (Ex. A), the Court has relied upon copies of the www.budget.com reservations pages and terms of use as they were in effect in February 2006 (Ex. B).  The authenticity of these documents is not in dispute.

5

III.     <u>Analysis</u>

    A.     **The Court Declines to Hold that Plaintiff Has Sued the Wrong Party**

Budget Rent-A-Car System, Inc., the sole Defendant in this case, argues that each of Plaintiff's claims is subject to dismissal because Plaintiff has sued the wrong party.  Specifically, Budget argues that viewing the Complaint as a whole, together with documents referenced in and integral to the Complaint, establishes (1) that Plaintiff paid the refueling service charge to an independent Budget system licensee, not to Budget; (2) that the refueling service charge was imposed pursuant to Plaintiff's written rental agreement with the licensee, to which Budget was not a party; and (3) that the Complaint fails to properly allege any theory by which Budget could be liable under Plaintiff's rental agreement with the licensee.  (Def.'s Mem. Supp. Mot. to Dismiss 8-12.)

The Court is not convinced that this argument provides a proper basis for dismissal of Plaintiff's Complaint at this stage of the proceedings.  The Complaint does make reference to several theories, including agency, under which Budget could potentially be liable for its licensees' actions and contracts.  (Compl. ¶ 13.)

However, as discussed in detail below, because the Court ultimately finds that independent grounds require the dismissal of each count, the Court need not address the merits of Budget's argument that the licensee is the only proper defendant in this case.  Instead, the Court will assume, for purposes of this opinion, that Budget can be liable for the conduct which Budget argues does not extend beyond its licensee.

**B.     The Refueling Service Charge is Not Inherently Unreasonable, Fraudulent or Otherwise Illegal**

Underlying each of Plaintiff's claims, and repeated throughout the Complaint in various iterations, is the idea that the refueling service charge is so grossly disproportionate to any actual harm incurred by Budget in refueling a vehicle that it is inherently unreasonable, fraudulent and otherwise illegal.  (*See* Compl. ¶¶ 6, 9-12, 14-15, 30-32, 37-40, 47-50.)  In support of this notion, Plaintiff repeatedly asserts that Budget's *actual* cost of refueling is easily calculated, because it cannot logically be more than the difference between market rate and the slightly higher per-gallon price charged when a renter pre-pays for a full tank under the Fuel Purchase Option.  (*See* Compl. ¶¶ 9-12, 30-33, 39-40.)  This allegation, which Plaintiff characterizes as objective proof of the charge's unreasonableness, relies on wholly unwarranted inferences.

As the lease agreement explains, a renter who opts to pre-pay for a full tank does not receive credit for any fuel remaining in the tank upon return.  (*See* Ex. A.)  Certainly, many renters will return their cars with some fuel remaining, rather than with an absolutely empty tank. Therefore, because many renters will have pre-paid for more fuel than they ultimately use, Budget can charge less per gallon for the pre-paid option and still expect to cover its refueling costs on the whole.  This exposes the false logic underlying Plaintiff's allegation that the procedure undertaken and cost incurred by Budget in refueling a vehicle is identical whether the renter pre-pays or not.  (Compl. ¶ 32.)

Furthermore, it stands to reason, as Budget argues, that the time and effort saved by not having to find a gas station and refuel the car is well worth the service charge for many renters, and that charging what the market will bear for the service of saving the renter the time and effort

7

of refueling is no more "excessive" or "illegal" than charging what the market will bear for any

service. (*See* Def.'s Reply Mem. Supp. Mot. to Dismiss 12.)

   In sum, it absolutely cannot be concluded, based solely on the difference in price between

the two options presented to renters, that the refueling service charge is grossly out of line with

Budget's actual cost of refueling. Because Plaintiff's illogical and unfounded allegation to the

contrary underlies each count in Plaintiff's Complaint, the Complaint is insufficient as a matter

of law. The Court will briefly address the basis for dismissal of each individual count.

     1.  *Count I – UCC Leases*

   Count I alleges that refueling service charges such as the one Plaintiff paid operate as an

unlawful liquidated damages clause in violation of N.J.S.A. 12A:2A-504, which states that

liquidated damages may be set in a lease agreement but "only at an amount or by a formula that

is reasonable in light of the then anticipated harm caused by the default or other act or omission."

(Compl. ¶¶ 28-34.) The parallel provision of the Texas code on liquidated damages is

substantially identical. *See* Tex. Bus. & Com. Code § 2A.504.

   Plaintiff alleges that the refueling service charge is patently unreasonable because it is

higher than the difference between the prepaid fuel option and market rate, which Plaintiff claims

is the only possible measure of the harm suffered by Budget in having to refuel a rental car.

(Compl. ¶¶ 30-34.) As discussed above, this inference is illogical and unwarranted. Plaintiff

fails to allege any basis on which this Court could find that the refueling service charge is

unreasonable in light of Budget's anticipated harm.

Therefore, under the laws of both New Jersey and Texas, and pursuant to Fed. R. Civ. P. 12(b)(6), Count I must be dismissed as a matter of law.[3]

### 2.    *Count II – Breach of Contract*

Count II of Plaintiff's complaint alleges common law breach of contract, under two separate theories.  (Compl. ¶¶ 14, 35-41.)

Plaintiff first alleges that when the refueling service charge is factored into the total cost of Plaintiff's rental, Plaintiff was ultimately charged "a higher rental rate than was offered and accepted under the rental agreement," and that Budget was therefore in breach of the agreement. (Compl. ¶ 14.)  This allegation is contradicted by the plain language of the written rental agreement.  Plaintiff agreed to a rental rate of $62.99 per day / $21.00 per hour.  (*See* Ex. A.) While the price of fuel was not included in this rental rate, the contract did specify how fuel was to be treated between the parties, and provided the renter with several different options regarding fuel.  (*See* Ex. A.)  Plaintiff not only rejected the prepaid fuel option but agreed to the terms of the refueling service charge, an avoidable fee of $5.99 per gallon which was clearly identified and explained in the agreement.  (*See* Ex. A.)  Ultimately, Plaintiff was charged the precise amount he agreed to under the contract for both the rental rate and the refueling service charge. The Court fails to see how this could possibly amount to a breach.

----

[3]    Budget argues that unlawful liquidated damages and illegal penalty are defenses, not affirmative causes of action.  (Def.'s Mem. Supp. Mot. to Dismiss 12-13.)  This Court renders no opinion on that issue.  Instead, in finding that Counts I and II are subject to dismissal on other grounds, this Court assumes — but does not decide — that unlawful liquidated damages and illegal penalty can be brought as affirmative causes of action.  Similarly, the Court does not decide whether, as Budget argues, Plaintiff's claims are barred by the voluntary payment doctrine.  (Def.'s Mem. Supp. Mot. to Dismiss 13-14.)

Next, Plaintiff alleges that Budget breached the contract by imposing an illegal penalty or unlawful liquidated damages in the form of the refueling service charge, which Plaintiff claims is not a reasonable estimate of Budget's anticipated harm.  (Compl. ¶ 15, 38-40.)  This allegation fails for the same reasons as Plaintiff's claim in Count I.

Because Plaintiff's breach of contract allegations are conclusory and based on unwarranted inferences, Count II must be dismissed as a matter of law.

### 3.    Count III – Unjust Enrichment

Count III alleges unjust enrichment, also known as "money had and received." Specifically, Plaintiff alleges that "Budget has unjustly received and retained a monetary gain and benefit" to the detriment of Plaintiff.  (Compl. ¶¶ 42-45.)  Under New Jersey law, a claim under the quasi-contractual theory of unjust enrichment has only two essential elements: "(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable."  *Wanaque Borough Sewerage Auth. v. West Milford*, 144 N.J. 564, 575 (1996) (internal citations omitted).  Similarly, under Texas law, "the sole inquiry for a court deciding a money had and received claim is whether the defendant holds money that, in equity and good conscience, belongs to the plaintiff."  *Neb. Beef, Ltd. v. KBK Fin., Inc.*, 2006 U.S. Dist. LEXIS 18560, at *21 n.9 (N.D. Tex. March 3, 2006).

The Court assumes, but does not decide, that Plaintiff has sufficiently alleged that Budget somehow received a benefit from the refueling service charge Plaintiff paid to Budget's licensee. However, as the Court has already discussed in detail, Plaintiff has failed to sufficiently plead any basis upon which the Defendant's retention of the refueling service charge in this context could be considered unjust, which renders this count insufficient to withstand dismissal.

10

Furthermore, it is generally the case that when a valid, express contract covers the subject matter of the parties' dispute, a plaintiff cannot recover under a quasi-contract theory such as unjust enrichment.  *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *Moser v. Milner Hotels, Inc.*, 78 A.2d 393, 394 (N.J. 1951).  If the Court credits Plaintiff's allegation that Budget could in theory be held liable under Plaintiff's written agreement with the independent licensee, then the Court cannot simultaneously find that Plaintiff has set forth a viable claim against Budget for unjust enrichment.  Count III must therefore be dismissed as a matter of law.

### 4.    *Count IV – Consumer Fraud Act*

Count IV of Plaintiff's Complaint alleges, under several theories, that Budget's imposition of the refueling service charge upon Plaintiff violates the New Jersey Consumer Fraud Act ("NJCFA").  (Compl. ¶¶ 46-51.)  *See* N.J.S.A. § 56:8-1 et seq.  However, the Complaint's allegations of Budget's fraud, deception, unconscionability, misrepresentation, concealment, suppression and/or omission with respect to the refueling service charge depend upon the same allegations of illegality that the Court has already found to be baseless, conclusory and contradicted by the plain language of the rental agreement.  Plaintiff, therefore, fails to state a claim under either the NJCFA or its Texas counterpart, the Texas Deceptive Trade Practices Act[4] ("DTPA").  *See* Tex. Bus. & Com. Code § 17.41 et seq.  Count IV must therefore be dismissed.

Furthermore, claims under both the NJCFA and DTPA are subject to the requirements of Fed. R. Civ. P. 9(b) that allegations of fraud must be stated with particularity.  *Naporano Iron &*

---

[4]    The Texas statute also requires detrimental reliance, which Plaintiff here has failed to plead.  *See* Tex. Bus. & Com. Code § 17.46(d).

11

*Metal Co. v. American Crane Corp.*, 79 F. Supp. 2d 494, 510-12 (D.N.J. 1999); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Plaintiff's bald allegation that Budget "knowingly misrepresented material facts relating to the so-called refueling service charge" (Compl. ¶ 48) fails to meet the particularity requirements for allegations of fraud under Fed. Rule Civ. P. 9(b). *See In re Burlington Coat Factory*, 114 F.3d at 1418 ("[E]ven under a relaxed application of Rule 9(b), boilerplate and conclusory allegations will not suffice. Plaintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible."). The requirements of Rule 9(b) may be satisfied if the Complaint describes the circumstances of the alleged fraud with precise allegations of date, time or place. *See Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (citing *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). The Complaint here, however, fails to identify or describe any misrepresentations made by Budget with respect to the refueling service charge. Therefore, to the extent that Count IV relies upon the allegation of a misrepresentation by Budget, the Court has an additional basis for finding Count IV insufficient as a matter of law.

> 5.    *Count V – Equitable and Declaratory Relief*

In Count V, Plaintiff asks this Court to exercise its equitable jurisdiction and order Budget (1) to cease and desist from the unlawful conduct alleged elsewhere in the Complaint, and (2) to modify its lease provisions to conform with the law. (Compl. ¶¶ 52-53.) Because Plaintiff has failed to sufficiently allege any theory upon which this Court could find that Budget acted unlawfully in imposing the refueling service charge upon Plaintiff, Count V must also be dismissed as a matter of law.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Budget Rent-A-Car System's motion to dismiss the

Class Action Complaint is **GRANTED**, and Plaintiff's Class Action Complaint is **DISMISSED**.

An appropriate order accompanies this opinion.


Dated:   February 20th, 2007

 s/ William J. Martini
**William J. Martini, U.S.D.J.**
